UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 19-cv-2719 (DSD/JFD)

| | | |
|---|---|---|
| TRINA RUSS, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **SUPPLEMENT THE RECORD** |
| v. | ) | |
| | ) | |
| ECKLUND LOGISTICS, INC., | ) | |
| KLE EQUIPMENT LEASING, LLC, | ) | |
| SHANE THOMAS MICHAELS, and | ) | |
| XPO LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Supplement the Record ("Mot. to Supplement," Dkt. No. 159). Defendants oppose the motion. (Dkt. Nos. 167, 168.) For the reasons set forth below, the Motion is **GRANTED.**

Plaintiff filed this Motion to Supplement because, when Plaintiff filed her Motions for Leave to File a Third Amended Complaint to Add a Claim for Punitive Damages Against Defendants Ecklund Logistics, Inc., and XPO Logistics, LLC ("Motions to Amend," Dkt. Nos. 134, 138), she failed to accompany both Motions with a copy of her proposed Third Amended Complaint, and a redlined copy of that proposed complaint showing how it differed from the operative Complaint. (Pl.'s Mem. Supp. Mot. Supplement at 1, Dkt. No. 161.) Both are required by Local Rule 15.1 of this Court. *See* D. Minn. LR 15.1.

This Court failed to note Plaintiff's omissions when the Motions to Amend were filed.[1] After seeking, and being granted, a short extension of time, Defendants Ecklund Logistics and XPO Logistics filed their respective oppositions to the Motions to Amend on December 17, 2021. (Dkt. Nos. 153, 154.) Both Defendants emphatically complained—on page one of their oppositional Memoranda—about the omitted copies of both the proposed Third Amended Complaint, and the redlined copy. (Def. XPO Logistics' Mem. Opp'n Mot. Supplement at 1; Def. Ecklund Logistics' Mem. Opp'n Mot. Supplement at 1.) XPO Logistics included a screenshot of the relevant Local Rule in its opposition. (Def. XPO Logistics' Mem. Opp'n Mot. Supplement at 5.)

It was not until two weeks later, however, on January 3, 2022, that Plaintiff filed this Motion to Supplement seeking to correct the deficiencies in her Motions to Amend filings. Ecklund Logistics and XPO Logistics oppose the Motion to Supplement, pointing out that they were obliged to respond to the Motions to Amend without knowing what, exactly, the Motions to Amend said. (Def. XPO Logistics' Mem. Opp'n Mot. to Supplement at 2; Def. Ecklund Logistics Mem. Opp'n Mot. to Supplement at 2.)

The Court accepts, and the Defendants do not dispute, that the Plaintiff's failure to file all motion-related documents required by this Court's Local Rules was inadvertent. Further, this Motion to Supplement could have been avoided had the Court, as it should have, noted the omission when the Motions to Amend were first filed and asked Plaintiff

---

[1] In response to this lapse, this Court has changed its procedures for reviewing incoming motions.

to correct her error. And it must be noted that Defendants could have notified Plaintiff of her obviously inadvertent omissions when they first noted them.

The remedy sought by Defendants—striking the Motions to Amend—is simply too severe for these facts. That Plaintiff would, in good time, move to amend the operative Complaint to add a punitive damages claim should not have been a surprise. It had been known for months. (*See, e.g.,* Stip. Amend Pretrial Sched. Order ¶ 10, Dkt. No. 91, filed May 27, 2021 ("All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before April 15, 2022.").) Finally, the addition of the punitive damages claim adds only three paragraphs to a Complaint that is 195 paragraphs long.

The Court should have noted these Motions' procedural deficiencies immediately, and it would also have been preferable if Defendants had notified Plaintiff immediately upon noting the omission of necessary Motions-related documents. But this was Plaintiff's error, and Defendants have a valid point—though weakened by their decision not to call the omission to Plaintiff's attention promptly—when they contend that arguments they might have made were not made because of the omission of a proposed Third Amended Complaint, accompanied by a redlined copy.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Supplement the Record (Dkt. No. 159) is **GRANTED**. The proposed Third Amended Complaint, and a redlined copy of the Third Amended Complaint, shall be considered part of the record for the purposes of Plaintiff's two Motions to Amend (Dkt. Nos. 134, 138) pending before this Court; and

2. At oral argument on the Motions to Amend, Plaintiff shall be given twenty minutes, and Defendants thirty minutes, the extra time for Defendants being granted to allow them to put forth arguments that they were not able to make in their written oppositional responses to Plaintiff's Motions because of Plaintiff's omission of a proposed Third Amended Complaint, accompanied by a redlined copy.

Date:  January 14, 2022               ___s/ John F. Docherty_____
                                      JOHN F. DOCHERTY
                                      United States Magistrate Judge