UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRINA RUSS, | Case No. 19-CV-2719 (DSD/JFD) |
| Plaintiff, | |
| v. | |
| ECKLUND LOGISTICS, INC.;<br>KLE EQUIPMENT LEASING, LLC;<br>SHANE THOMAS MICHAELS; and<br>XPO LOGISTICS, LLC, | **ORDER LIFTING STAY** |
| Defendants. | |

Pursuant to the Court's October 19, 2021 Order (Dkt. No. 133) and an email received on Friday, April 8, 2022 from counsel representing Defendant Shane Thomas Michaels, the Court considers recent developments in Defendant Shane Thomas Michaels's state court criminal case. That state court criminal case arises from the same operative facts as this federal civil case. In its October Order, the Court, on Fifth Amendment grounds, granted a stay of all direct questioning of Mr. Michaels, including by deposition, interrogatory, request for admission, or other formats, until such time as the Court lifted this stay pending developments in Mr. Michaels's state-court case. (*Id.* at 2.) The parties have notified this Court that Mr. Michaels pleaded guilty to his state-court criminal charges on March 31, 2022, and that his sentencing is scheduled for June 24, 2022. *See* Docket, *State of Minnesota v. Shane Thomas Michaels*, 82-CR-20-2161.

The Court originally noted, in paragraph four of the October Order, that it would consider lifting the stay earlier than scheduled if the criminal case had proceeded to

sentencing. In general, though, the Court stated that the stay could be lifted at any time upon "further order of the Court." (Oct. Order at 2.)

The Fifth Amendment of the Constitution states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. The Fifth Amendment's protection against self-incrimination applies in any type of proceeding, whether civil, criminal, administrative, investigatory, or adjudicatory. *Hill v. Johnson*, 160 F.3d 469, 471 (8th Cir. 1998); *Capitol Prod. Corp. v. Hernon*, 457 F.2d 541, 542–43 (8th Cir. 1972). The Fifth Amendment privilege against self-incrimination permits an individual, such as Mr. Michaels, to refuse to answer questions put to him in a civil proceeding if the answers to those questions might tend to incriminate him in a criminal proceeding. *See Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

The trial court may, in its discretion, stay civil proceedings in whole or in part because of a related criminal case. *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993). However, the Fifth Amendment does not *require* the Court to stay related civil proceedings. *Id*.

While the Eighth Circuit has not promulgated a specific test that Courts should apply in deciding whether and how to accommodate parallel civil and criminal proceedings, district courts in this Circuit, including the District of Minnesota, have, by analyzing persuasive (if out-of-Circuit) precedent, identified the following six factors as important in guiding the exercise of the Court's discretion whether to hold a civil case in abeyance pending the outcome of a criminal case:

1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

2) the status of the case, including whether the defendants have been indicted;

3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay;

4) the private interests of and burden on the defendant;

5) the interests of the courts; and

6) the public interest.

*SEC v. Brown,* No. 06-CV-1213 (JRT/FLN), 2007 WL 4191998, at *1 (D. Minn. Nov. 21, 2007) (quoting *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *see also Jewish Fed'n of Lincoln, Inc. v. Rosenblatt*, No. 4:18-CV-3048, 2018 WL 11399282, at *1–2 (D. Neb. June 27, 2018) (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012); *Garrett v. Cassity*, No. 4:09-CV-1252 (ERW), 2011 WL 2689359, at *2 (E.D. Mo. July 11, 2011); and *Brown*, 2007 WL 4191998, at *1.).

The stay in this case will be lifted, with immediate effect. Mr. Michaels has now been adjudicated guilty of a crime on his own plea. What remains in the criminal case is sentencing plus any possible appeal. The Court does not minimize Mr. Michaels's interest in the severity of his sentence, but the chief harm against which his Fifth Amendment right could have potentially played a role in protecting him—being found guilty of a crime—has now come to pass.

When the remaining factors are considered, the need to lift the stay becomes apparent. This case will be three years old in October. Not only does that mean that a reporting deadline under the Civil Justice Reform Act will be triggered (which implicates the factor requiring consideration of "the interests of the courts"), it also means that Plaintiff, the public, and the Defendants themselves have been awaiting the resolution of this case for a long time. The only factor that continues to favor a stay is that the criminal case arose from the same automobile accident as the civil case. This factor is probably on the list because the closer the facts underlying the civil and criminal cases, the more likely that questioning in the civil case will implicate a defendant's Fifth Amendment rights. As noted, in the present civil case, Mr. Michaels has already been convicted, making this factor less weighty than it would be before a conviction. In addition, Mr. Michaels's counsel, in his email to the Court of Friday, April 8, requested that the stay remain in place through sentencing, but did not go into any detail concerning the harm that could be avoided by continuing the stay. Neither the similarity factor nor the email, alone or together, are sufficient to overcome the need for the civil case to move ahead to resolution.

Accordingly, based on the entire record of this case, **IT IS HEREBY ORDERED** that the stay of any direct questioning of Mr. Michaels is lifted, and that this Order is effective immediately.

Date: April 12, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　*s/ John F. Docherty*
　　　　　　　　　　　　　　　　　　　　　　　　　JOHN F. DOCHERTY
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge